# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAVID M. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 11-0283-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application for benefits were denied initially. Thereafter, plaintiff requested an administrative hearing. On December 8, 2009, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On February 15, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well

as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred in finding that he had no severe impairments and also by improperly evaluating his credibility. The Court agrees and finds that the ALJ erred in finding that plaintiff had no severe impairments. The ALJ stated that "nothing supports a finding that he is mentally limited." (T. 12). However, the evidence in the record shows that plaintiff suffered a traumatic brain injury which was documented by multiple medical sources as well as by an EEG and an MRI. Additionally, test results after the accident showed plaintiff to be in the mildly retarded to borderline intellectual functioning category. (T. 304). Plaintiff was also diagnosed by a state agency examiner as having a "severe memory impairment consistent with dementia." (T. 310). Instead the ALJ focused solely on the fact that one psychologist administered one test of memory malingering and found plaintiff was malingering on this test. However, there is no other evidence of malingering in the record. Indeed, the state agency examiner noted that plaintiff "does appear to have decreased abstract thinking" and suggested that "[a] formal neuropsychological test would probably be appropriate to delineate his true functional impairments in terms of his cognition." (T. 316). The ALJ has a duty to fully and fairly develop the record so that a proper determination of disability can be made. Hood v. Astrue, No. 5:09-CV-05007-JRM, 2010 WL 231582, *9 (W.D.Ark, Jan. 13, 2010), (citing Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995)).

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final

decision of the ALJ is hereby **GRANTED** (Doc. # 9) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall arrange a consultative neuropsychological examination of plaintiff. The ALJ shall then review and consider this report along with all the other evidence in the record in determining how plaintiff's mental impairment affects his residual functional capacity.

Date: <u>February 16, 2012</u>             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                         Chief United States District Judge